1. Dates are always flexible, in a pleading; variances in that respect, between it and the proof, may be disregarded, (Code, % 169,170,173, 176;) and a pleading is hardly demurrable, now, for want of a time and place for every occurrence stated in it. A referee would not be entitled, therefore, to report against a fact, merely because its date was wrongly stated.
2. But in an action for an absolute divorce, for adultery, the complaint should allege that the discovery by the plaintiff of the defendant’s criminality took place within a certain time before the commencement of the action; because, as it affects the propriety of decreeing a divorce, such time has been fixed by law, and the insertion of such an allegation in the complaint is required by an. absolute rule.
3. The discovery of such criminality more than five years before bringing suit is made, by the Revised Statutes, a defense to the action; but the 163d rule of the late court of chancery required most of the matters constituting a defense under such statutes to be negatived by the complainant in his or her bill of complaint, to enable the court, by a reference to a master, to take proof of all the material facts stated therein and report the testimony taken thereon, to ascertain whether the facts required to be denied existed or not. The 86th general rule of the Supreme Court, providing merely for the substitution of an affidavit by the complainant for his or her verification of the complaint, was not intended to accomplish the same purpose as the former rule, and does not repeal it.